## In the Matter of BUILDERS AND MANUFACTURERS SUPPLY COMPANY, a Corporation, Bankrupt.

### No. 63-45.

United States District Court
W. D. Pennsylvania.

Nov. 5, 1964.

Edwin W. Tompkins, II, Emporium, Pa., John F. Potter, Erie, Pa., for petitioner-trustee.

John A. Spaeder, Erie, Pa., for Lyman-Felheim Co.

Charles I. Houston, St. Marys, Pa., for Farmers & Merchants Bank.

Anthony Chambers, Bradford, Pa., for a general creditor.

WILLSON, District Judge.

Counsel have been heard at oral argument on the petition for review filed by Lyman-Felheim Company and argued by John A. Spaeder, Esq. The issue before the Court relates to whether the allowances for the receiver-trustee and for his attorney, Edwin W. Tompkins, II, Esq., are reasonable and proper under the statute and decisions on the subject. Also an issue is raised as to the payment to the Farmers & Merchants Bank of the portion of the attorney's commissions as provided in that bank's mortgage.

The documents in the case have been carefully examined including the referee's certificate on the petition for review and his opinions, and the application for allowances filed by Mr. Tompkins, the attorney, and the trustee, Mr. Roberts. This Court's comment on the administration of this estate is that it was excellently handled by the trustee and by all counsel in what might be termed re-

sults over and above those ordinarily secured in a bankruptcy case. Nevertheless, certain principles should guide the Court in relation to the allowances. Those principles are set out in Collier on Bankruptcy, Vol. 3, Section 62.05, page 1429. The Judges of this Court and the referees in bankruptcy should constantly keep in mind that the Bankruptcy Act is meant to be an Act for the relief of debtors rather than an act for the relief of attorneys and court officers. Mr. Justice Cardozo years ago stated that the extravagant costs of administration are a "crying evil."

From my examination of the documents in this case, it seems to this Court that the allowances are on the high side, if not excessive. The record does not support Mr. Tompkins' application for counsel fees of $14,000.00. In my opinion this award is several thousand dollars too high. As to the amount allowed the trustee by the referee, the situation is somewhat different; but it appears that this matter should again be examined by the referee.

It is noticed from the record that this is an uncomplicated bankruptcy. No law suits were filed. The case proceeded in a routine manner, but 34 claims were filed. There were 24 unsecured creditors and 9 secured creditors. In the final notice to the creditors by the referee, the total receipts were shown as $117,906.76 with disbursements of $68,703.51. The applications for fees especially by Mr. Tompkins indicate that routine professional services were rendered, and the observation should be made that the results were good. But it is also a truism to state that it is the duty of the officers of the bankruptcy court, including the trustee, counsel, and all concerned, to do an excellent job at all times.

The amount paid to the Farmers & Merchants Bank for attorney's fees is likewise improper under the circumstances existing in this case. The bank's mortgage was in a current status or close to it at the time of bankruptcy. The invoking of the attorney's 10% commission in entering the judgment after the bankruptcy was, of course, a nullity. The bank's debt was in fact $38,470.66 on the date of bankruptcy. A rather ingenuous method was attempted in this case to show that the bank reduced its lien, as did certain other creditors. Added to the bank's debt was 10% and approximately half of the 10%, or $1,800.00 of the attorney's commission, was discounted so that the referee's report, Opinion "B", indicates an agreed deduction by the bank of 4.8%. The bank, nevertheless, was paid $40,517.73, an amount greater than its lien. Other lien creditors took a reduction on the face amount of their liens according to the report. This Court recognizes that the attorney's commission on a mortgage or judgment note under Pennsylvania law belongs to the creditor, but federal law controls the distribution in this instance. In the opinion of this Court the matter is very unclear as to whether counsel for the trustee or counsel for the bank rendered anything but perfunctory service with regard to the payment of the bank's mortgage.

### ORDER

Under the circumstances this Court concludes that there is merit in the issues raised in the petition for review. Pursuant to General Order 47, this matter is recommitted to William B. Washabaugh, Jr., Referee, with instructions to re-examine the allowances to the receiver-trustee, his counsel, and the payment to the Farmers & Merchants Bank insofar as relates to attorney's fees. I suggest that the referee hold a hearing with regard to this matter, with a view to making an award for adequate and proper compensation only for actual services rendered. This Court retains jurisdiction of this matter pending a final determination of the issues raised.